IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KIMBERLY SHELTON, | ) | |
| DETONDRA THOMAS, | ) | |
| GREGORY BRANTLEY, | ) | |
| GWENDOLYN SANDERS, | ) | |
| JERRY PATE, | ) | Civil Action File No.: |
| KATRINA WILLIAMS, | ) | 1:13-CV-4206-MHC |
| KEISHA WATKINS, | ) | |
| LINDA BRANTLEY, | ) | |
| MICHAEL FULLER, | ) | |
| ROOSEVELT JONES, | ) | |
| SHAUNTAE SCOTT, | ) | |
| and STEPHANIE SCOTT | ) | <u>Jury Trial Demanded</u> |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GOURMET SERVICES, INC., | ) | |
| GOURMET SERVICES | ) | |
| MANAGEMENT GROUP, LLC | ) | |
| NATHANIEL R. GOLDSTON, | ) | |
| VALARIE M. GOLDSTON, and | ) | |
| KIMBERLY MARTIN-GOLDSTON | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION FOR APPROVAL OF SETTLEMENT AND
DISMISSAL OF ACTION WITH PREJUDICE AND INCORPORATED
<u>MEMORANDUM OF LAW</u>**

Plaintiffs Kimberly Shelton ("Shelton), Detondra Thomas ("Thomas"),

Gregory Brantley ("Mr. Brantley"), Gwendolyn Sanders ("Sanders"), Jerry Pate

("Pate"), Katrina Williams ("Williams"), Keisha Watkins ("Watkins"), Linda Brantley, ("Ms. Brantley"), Michael Fuller ("Fuller"), Roosevelt Jones ("Jones"), Shuntae Scott, and Stephanie Scott,  (hereinafter "Plaintiffs") request that this Court approve the Parties' settlement of the above captioned matter.  A copy of the settlement agreement executed between the Parties is attached as **Exhibit "A."**

I.    Legal Principles and Analysis

Pursuant to the case law regarding settlement of Fair Labor Standards Act ("FLSA") claims, there are two ways in which claims under the FLSA can be settled and released by employees.  First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor.  *See* 29 U.S.C. 216(c) of the FLSA; *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982).  Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Id*.; *see also Sculte, Inc. v. Gandi,* 66 S.Ct. 925, 928 n. 8 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947).  In detailing the

circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit states:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve the Plaintiffs' FLSA claims against Defendants.  The proposed settlement arises out of an action brought by the Plaintiffs against an employer, which was adversarial in nature.  During the litigation and negotiation of the settlement of this action, Plaintiffs and Defendants were both represented by experienced counsel.

The Parties agree that the instant action involves disputed issues, including primarily whether Plaintiffs worked compensable overtime, whether a two or three year statute of limitations applied, the number of overtime hours allegedly worked

by Plaintiffs, compensation allegedly due, and if overtime compensation was owed, whether liquidated damages are appropriate.

Plaintiffs, who were employed by Gourmet Services Management Group, LLC to provide various food service and catering services - principally at the Saint James Hotel in Selma, Alabama - allege that they worked overtime hours but were not paid any overtime compensation in addition to their regular pay.  Gourmet Services, Inc., Gourmet Services Management Group, LLC, Nathaniel R. Goldston, Valarie M. Goldston, and Kimberly Martin-Goldston ("Defendants") deny these allegations and contend Plaintiffs were compensated appropriately, and made whole for any overtime deficiency.

To resolve this matter, the Parties held several settlement conferences, exchanged discoverable information, and participated in a formal mediation. Plaintiffs ultimately accepted Defendants' most recent settlement offer.  Pursuant to the offer accepted Plaintiffs will receive a total of $57,000.00 in back pay, damages, attorneys' fees and costs (the "Settlement Payment").  The Settlement Payment will be issued in thirteen checks as follows:

(a)   the first check shall be made payable to "Kimberly Shelton" for $3,000.00, minus withholdings for taxes and other applicable deductions;

(b)   the second check shall be made payable to "Detondra Thomas" for $3,000.00, minus withholdings for taxes and other applicable deductions;

(c)   the third check shall be made payable to "Gregory Brantley" for $3,200.00, minus withholdings for taxes and other applicable deductions;

(d)   the fourth check shall be made payable to "Gwendolyn Sanders" for $2,000.00, minus withholdings for taxes and other applicable deductions;

(e)   the fifth check shall be made payable to "Jerry Pate" for $7,500.00, minus withholdings for taxes and other applicable deductions;

(f)   the sixth check shall be made payable to "Katrina Williams" for $700.00, minus withholdings for taxes and other applicable deductions;

(g)   the seventh check shall be made payable to "Keisha Watkins" for $2,000.00, minus withholdings for taxes and other applicable deductions;

(h)   the eighth check shall be made payable to "Michael Fuller" for $600.00, minus withholdings for taxes and other applicable deductions;

(i)   the ninth check shall be made payable to "Roosevelt Jones" for $2,000.00, minus withholdings for taxes and other applicable deductions;

(j)   the tenth check shall be made payable to "Shauntae Scott" for $2,000.00, minus withholdings for taxes and other applicable deductions;

(k)   the eleventh check shall be made payable to "Stephanie Scott" for $1,500.00, minus withholdings for taxes and other applicable deductions;

(l)   the twelfth check shall be made payable to "Linda Brantley" for $1,500.00; and,

(m)   the thirteenth check shall be made payable to "The Molden Law Firm, LLC" for $28,000.00.

The Parties agree this is a fair and reasonable settlement in light of the factual discrepancies between the Parties' versions of events, the uncertainties of trial, and Plaintiffs' desire to resolve this matter before trial.

## II. Terms of Settlement

A. The parties have agreed to settle Plaintiffs' claims for a total of $57,000.00. After settlement negotiations and analyzing the factual and legal disputes, Plaintiffs have agreed to accept the gross sum of $29,000.00 as stated above in Section I to resolve their claims in full.

B. **ATTORNEY'S FEES/COSTS.** Plaintiff's counsel will receive $28,000.00, in attorney's fees and costs. The parties have agreed this is a reasonable fee under the circumstances of this case, and was negotiated separately from Plaintiffs' recovery and without regard to the amount of Plaintiffs' recovery. *See Bonetti v. Embarq Management Company*, 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009).

C. Defendants do not admit fault or liability.

## III. Conclusion

The Parties respectfully request that this Court approve the settlement agreement of the Parties, and dismiss the instant action with prejudice. Attached is a proposed Order for the Court's convenience.

October 7, 2015.

                      By:   */s/ Regina S. Molden*
                            Regina Molden
                            Counsel for Plaintiffs
                            Georgia Bar No. 515454
                            MOLDEN LAW, LLC
                            233 Peachtree Street, Harris Tower
                            Suite 1245
                            Atlanta, Georgia 30303
                            (404) 324-4500
                            rmolden@moldenholley.com